IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KEITH MANUFACTURING, CO.**, <br><br>    Plaintiff, <br><br>v. <br><br>**LARRY D. BUTTERFIELD**, <br><br>    Defendant. | Case No. 3:15-cv-02008-SI <br><br>**OPINION AND ORDER** |

Bruce A. Kaser, VANTAGE LAW, PLLC, 420 Front Street, Issaquah, WA 98027; Gordon W. Stewart, STEWART LAW OFFICES, 2145 Wells Street, Suite 105, Wailuku, HI 96793. Of Attorneys for Plaintiff.

Shawn J. Kolitch, KOLISCH HARTWELL, PC, 200 Pacific Building, 520 SW Yamhill Street, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Keith Manufacturing Co. ("Keith") brought this lawsuit against its former employee Larry D. Butterfield ("Butterfield"). Eighteen months later, the parties stipulated to the dismissal of all claims with prejudice. The stipulation was silent on the issue of attorney's fees. Twelve days after Keith filed the stipulated dismissal, Butterfield filed a motion for attorney's fees under Rule 54 of the Federal Rules of Civil Procedure. That rule permits a prevailing party to move for attorney's fees within fourteen days after entry of judgment. Butterfield argues that a stipulated

dismissal with prejudice is an appealable order and thereby qualifies as a judgment for purposes of Rule 54. Butterfield also argues that because Keith dismissed its claims with prejudice, Butterfield is the prevailing party.

Keith opposes Butterfield's motion and raises three arguments. First, Keith argues that the filing of the voluntary dismissal by stipulation ends the lawsuit and, thus, divests the Court of jurisdiction to award attorney's fees. Second, Keith argues that a motion for attorney's fees under Rule 54 requires a judgment and a voluntary dismissal by stipulation is not a judgment because it is not an appealable order. Third, Keith argues that no one in this case is a prevailing party and, thus, Butterfield is not entitled to recover attorney's fees. Finally, Keith has filed its own conditional motion for attorney's fees, asserting that if the Court rejects Keith's arguments regarding the unavailability of attorney's fees in this case, then Keith is entitled to recover its attorney's fees as a prevailing party, either instead of Butterfield or in addition to Butterfield. For the reasons stated below, the Court concludes that: (1) the Court has jurisdiction to resolve the parties' cross-motions for attorney's fees; and (2) attorney's fees are not available to either party because, based on a recent decision from the Supreme Court, a voluntary dismissal by stipulation (even with prejudice) is not an appealable order and, thus, not a judgment for purposes of Rule 54. Accordingly, the Court denies both parties' motions for attorney's fees.

## BACKGROUND

On October 23, 2015, Keith filed this lawsuit against its former employee Butterfield. According to Keith, during Butterfield's employment with Keith, Butterfield filed a patent application that led to the issuance of U.S. Patent No. 9,126,520 ("the '520 patent"). Keith alleges that Butterfield's patent application was based on inventions made in cooperation with one or more of Keith's employees during the course of Butterfield's employment and used Keith's trade secrets. Keith further alleges that Butterfield breached his employment contract

with Keith by sending a demand letter to Keith in which Butterfield threatened to sue for infringement of the '520 patent unless Keith withdrew certain products from the market. In this lawsuit, Keith asserted five claims against Butterfield: (1) declaratory judgment of noninfringement of the '520 patent; (2) declaratory judgment of invalidity of the '520 patent; (3) breach of contract; (4) trade secret misappropriation; and (5) correction of inventorship of the '520 patent, seeking to add one or more of Keith's employees as named inventors.

On May 3, 2016, Keith filed its second amended complaint. On May 16, 2016, Butterfield sent to Keith a covenant not to sue (the "Covenant Not to Sue"). The preamble to Butterfield's Covenant Not to Sue states that "Keith's advertisement and sale of its products . . . do not infringe and are not likely ever to infringe Butterfield's patent rights at a level sufficient to warrant the substantial time and expense of continued litigation." ECF 23-1 at 2. Butterfield's Covenant Not to Sue continues, in relevant part:

> Butterfield for and on behalf of himself, his "LoadBacker" business, licensees, contract manufacturers, assigns and/or all other related business entities, as well as any of their predecessors, successors, directors, officers, employees, agents, attorneys, representatives and employees of such entities hereby unconditionally and irrevocably covenants to refrain from making any claims(s) or demand(s), or from commencing, causing, or permitting to be prosecuted any action in law or equity, against Keith or any of its parents, subsidiaries, divisions, related companies, affiliated companies, assigns, and/or other related business entities, as well as any of their predecessors, successors, directors, officers, employees, agents, attorneys, representatives and employees of such entities, on account of any possible cause of action involving infringement of U.S. Patent No. 9,126,520 based on the manufacture, use, sale, offer for sale or importation of any Keith product, including without limitation the Keith BSH-58 "Bulk Sweep" product, any predecessor version thereof, any colorable imitation thereof, or any other prior or future Keith product, regardless of whether that product is manufactured, distributed, used, offered for sale, sold, imported or exported before or after the Effective Date of this Covenant.

*Id.*

PAGE 3 – OPINION AND ORDER

The following day, May 17, 2016, Butterfield filed a motion to dismiss four of Keith's claims, excluding only the claim for correction of inventorship. Butterfield argued that his Covenant Not Sue renders moot Keith's claims that sought a declaration of noninfringement of the '520 patent and a declaration of invalidity of the '520 patent. Butterfield also argued that the applicable statutes of limitation and the doctrine of laches bars Keith's claims for breach of contract and trade secret misappropriation. On August 2, 2016, the Court granted in part and denied in part Butterfield's motion to dismiss. The Court ruled that Keith's declaratory judgment patent claims are moot in light of Butterfield's unconditional and irrevocable Covenant Not to Sue, but Keith's state claims for breach of contract and trade secret misappropriation may proceed. Two weeks later, on August 16, 2016, Butterfield filed his answer to Keith's second amended complaint. On April 21, 2017, more than eight months after the Court issued its ruling on Butterfield's motion to dismiss, the parties filed a Stipulation of Dismissal with Prejudice. The parties' stipulation was silent on the issue of costs[1] and attorney's fees.

## DISCUSSION

Butterfield moves for an award of attorney's fees pursuant to Fed. R. Civ. P. 54(d), Or. Rev. Stat. § 20.096, Or. Rev. Stat. § 646.467, and 35 U.S.C. § 285. Rule 54(d)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> A claim for attorney's fees . . . must be made by motion . . . . [T]he motion must be filed no later than 14 days after the entry of judgment [and] *specify the judgment* and the statute, rule, or other grounds *entitling the movant to the award . . . .*"

Fed. R. Civ. P. 54(d)(2) (emphasis added) (headings omitted). Rule 54(a) defines "judgment" as follows: "'Judgment' as used in these rules includes a decree and any order from which an

---

[1] Neither Butterfield nor Keith seeks costs against the other.

appeal lies." Fed. R. Civ. P. 54(a). In this case, there was no document labeled "Judgment," and the Court did not enter any decree or order; nor was one requested by any party.

Keith opposes Butterfield's motion for attorney's fees on three grounds. First, Keith argues that a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) is self-executing and divests the Court of jurisdiction over the case, including jurisdiction to consider a motion for attorney's fees. Second, Keith argues that a motion for attorney's fees under Rule 54 requires a judgment and a voluntary dismissal by stipulation is not a judgment because it is not an appealable order. Third, Keith argues that Butterfield was not the "prevailing party" on any claim asserted in this case.

## A. Whether a Court May Consider a Motion for Attorney's Fees after a Case Ends

Eighteen months after Keith commenced this lawsuit, Keith filed a Stipulation of Dismissal with Prejudice, signed by both Keith and Butterfield. The parties' stipulation states: "Pursuant to Fed. R. Civ. P. 41(a), Plaintiff Keith Manufacturing Co. and Defendant Larry D. Butterfield hereby stipulate to dismissal of all claims pending in this action, with prejudice." ECF 32. The Court did not enter any judgment, decree, or other order in response to the parties' stipulation. Indeed, no order was necessary for the case to be dismissed based on the stipulation of the parties. Thus, the case simply terminated without court order after Plaintiff filed the stipulation of dismissal signed by all parties.

This result is consistent with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. That rule provides in relevant part:

**Rule 41. Dismissal of Action**

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

PAGE 5 – OPINION AND ORDER

> **(A)** *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> * * *
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis in original).[2]

Keith cites a case from the Eleventh Circuit for the proposition that a stipulation of dismissal by the parties pursuant to Rule 41(a)(1)(A)(ii) is "self-executing and dismisses the case upon filing." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277 (11th Cir. 2012) ("Most of our sister circuits have directly or implicitly found, in published and unpublished opinions, that a stipulation filed under Rule 41(a)(1)(A)(ii) is self-executing and dismisses the case upon filing.") (citing cases). This Court agrees. Thus, the filing by Keith of the Stipulation of Dismissal with Prejudice, signed by all parties, is self-executing and operates to dismiss, or terminate, the lawsuit brought by Keith against Butterfield.[3] This conclusion, however, does not resolve the question of whether a federal court retains jurisdiction to address collateral matters, including a motion for attorney's fees, after a case has been dismissed, or terminated.

---

[2] Rules 23(e), 23.1(c), 23.2, and 66 of the Federal Rules of Civil Procedure are not relevant to any of the issues pending before the Court.

[3] The Stipulation of Dismissal with Prejudice signed by Keith and Butterfield recites only Fed. R. Civ. P. 41(a). No provision in Rule 41(a), other than Rule 41(a)(1)(A)(ii), however, applies in this case. Rule 41(a)(1)(A)(i) does not apply because Butterfield had previously filed an answer. Rule 41(a)(1)(B) does not apply because there has been no previously dismissed action on or including the same claim; thus, the dismissal does not operate as an adjudication on the merits. Rule 41(a)(2) does not apply because there has been no court order dismissing this case. Thus, the Stipulation of Dismissal with Prejudice that is at issue necessarily is under Rule 41(a)(1)(A)(ii).

Butterfield cites the decision from the United States Supreme Court in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). In that case, the Supreme Court observed:

> *It is well established that a federal court may consider collateral issues after an action is no longer pending.* For example, district courts may award costs after an action is dismissed for want of jurisdiction. *See* 28 U.S.C. § 1919. This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Sprague v. Ticonic National Bank*, 307 U.S. 161, 170, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939). Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451, n. 13, 102 S.Ct. 1162, 1166, n. 13, 71 L.Ed.2d 325 (1982).

*Cooter & Gell*, 496 U.S. at 395-96 (emphasis added).

Accordingly, the fact that this case has been dismissed, or terminated, does not divest the court of jurisdiction to resolve the parties' competing motions for attorney's fees as a collateral issue. *See also Turner v. Vilsack*, 2016 WL 1048893, at *3 (D. Or. March 14, 2016) (holding, in a case under the Equal Access to Justice Act, that a stipulated dismissal by the parties under Fed. R. Civ. P. 41(a)(1)(A)(ii) does not divest the district court of jurisdiction to award attorney's fees to the prevailing party, citing *Cooter & Gell*).

**B. Whether a stipulated dismissal with prejudice is an appealable order**

In support of his motion for attorney's fees, Butterfield argues that a stipulated dismissal with prejudice is an appealable order and, thus, a judgment for purposes of Rule 54. Butterfield cites an unpublished decision from the Ninth Circuit, *Shaw v. Jar-Ramona Plaza, LLC*, 673 F. App'x. 774 (9th Cir. Jan. 18, 2017), which holds: "A stipulated dismissal with prejudice is an appealable order." *Id*. at 775. The Ninth Circuit in *Shaw* supports that conclusion by citing *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1065-66 (9th Cir. 2014), and *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir.1995). *Shaw*, 673 F. App'x. at 775. The Supreme Court,

however, recently abrogated *Berger* (and, by implication *Concha*) on precisely this point. *Microsoft Corp. v. Baker*, --- S.Ct. ---, 2017 WL 2507341 (June 12, 2017). Some background will be helpful.

In *Berger v. Home Depot*, a consumer (Berger) brought a putative class action against a home improvement store (Home Depot), alleging violations of California's Unfair Competition Law, California's Consumer Legal Remedies Act, and common law. Berger moved for class certification, which the district court denied. Berger then stipulated to the dismissal of his claims with prejudice and appealed. Because there was no allegation that Berger and Home Depot had entered into a settlement agreement, the Ninth Circuit concluded that Berger's "stipulated dismissal is sufficiently adverse to his interests to allow him to appeal." *Berger*, 741 F.3d at 1066.

Similarly, in *Concha v. London*, the Ninth Circuit held that "plaintiffs may appeal from a voluntary dismissal *with prejudice*, at least where the plaintiff is not acting pursuant to a settlement agreement intended to terminate the litigation." *Concha*, 62 F.3d at 1507 (emphasis in original). According to the Ninth Circuit in *Concha*, the fact that the plaintiff did not have a settlement agreement distinguished *Concha* from the Ninth Circuit's earlier decision in *Seidman v. City of Beverly Hills*, 785 F.2d 1447 (9th Cir. 1986). *Concha*, 62 F.3d at 1507.

In *Seidman*, a car owned by Seidman had been towed and impounded because of expired registration. Seidman then brought a putative civil rights class action against the City of Beverly Hills and a towing company. Seidman alleged a constitutional violation based on the fact that his the car has been taken without the city, or its agent (the towing company), providing notice of opportunity for a post-seizure hearing. The district court denied Seidman's motion for class certification. Seidman then settled his individual claims with the defendants, but reserved his

right to appeal "any of the adverse rulings made against him at trial." *Seidman*, 785 F.2d at 1448. Although the case never went to trial, Seidman appealed the district court's denial of his motion for class certification. In dismissing Seidman's appeal for lack of appellate jurisdiction, the Ninth Circuit held: "A plaintiff may not appeal a voluntary dismissal [under Rule 41(a)(1)] because it is not an involuntary adverse judgment against him." *Id*.

In *Microsoft Corp. v. Baker*, the Supreme Court abrogated the Ninth Circuit's holding in *Berger v. Home Depot*. 2017 WL 2507341, at *10. In *Microsoft*, consumers brought a putative class action against the manufacturer of a video game console. The district court entered an order striking the consumers' class allegations. The consumers then petitioned the Ninth Circuit under Rule 23(f) of the Federal Rules of Civil Procedure for permission to appeal the district court's ruling, but the Ninth Circuit denied the petition. Rather than continuing to litigate, the consumers moved to dismiss their case with prejudice, and the district court entered a final order and judgment to that effect. Quoting *Berger*, the Ninth Circuit held that because the stipulated dismissal did not involve a settlement, the action was sufficiently adverse to be an appealable final decision. On the merits, the Ninth Circuit ruled that the district court had abused its discretion in striking the class allegations. *Id*.

The Supreme Court granted *certiorari* to resolve a conflict among the Circuits. In its ruling on the merits, the Supreme Court held that a federal court of appeals does not have jurisdiction under 28 U.S.C. § 1291 to review an order denying class certification (or striking class allegations) after the named plaintiffs have voluntarily dismissed their claims with prejudice. *Id.* at *10. Whether the parties had entered into a settlement agreement or not was irrelevant to the issue of appellate jurisdiction. Thus, after the Supreme Court's decision in

*Microsoft v. Baker*, a voluntary dismissal with prejudice, even in the absence of a settlement agreement, is not an appealable order.

As previously noted, Rule 54(d)(2)(A) requires that a claim for attorney's fees be made by motion (except under certain circumstances not relevant here). Rule 54(d)(2)(B)(i) requires that such a motion be filed no later than 14 after entry of judgment. This latter provision implies that a judgment is a prerequisite for obtaining an award of attorney's fees under Rule 54. The next provision in Rule 54 makes that requirement explicit.

Rule 54(d)(2)(B)(ii) states that a motion for attorney's fees must "*specify the judgment and the statute, rule, or other grounds entitling the movant to the award.*" (Emphasis added.) Thus, there must be a judgment for a party to be entitled to recover attorney's fees under Rule 54, although "judgment" is defined in that rule to include "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Because there is no document labeled "Judgment" in this case and no decree entered by the court and because a stipulated judgment of dismissal, even with prejudice, is not an appealable order, as recently determined by the Supreme Court in *Microsoft v. Baker*, there is no Judgment in this case for purposes of Rule 54. Thus, a prerequisite for an award of attorney's fees under Rule 54 is missing.[4]

---

[4] This is not an unreasonable result. Stipulated dismissals with prejudice often expressly state that no party may recover costs or attorney's fees from any other party. There does not appear to be any good reason to be silent on that issue, unless one deliberately wants to create uncertainty. If a defendant wanted to withhold its agreement to a proposed stipulated dismissal (with or without prejudice) unless the plaintiff agreed to pay the defendant's attorney's fees, this issue could easily be made part of the negotiation that either results in a stipulated dismissal or fails to reach agreement. Further, if a defendant wanted to preclude the plaintiff from unilaterally dismissing a case in the absence of an agreement to pay attorney's fees, Rule 41(a)(1)(A)(i) provides the mechanism. Under this rule, all that a defendant need do is answer the complaint (or move for summary judgment). If that happens, a plaintiff may not voluntarily dismiss an action without court order. Further, Rule 41(a)(2) provides that when an action is dismissed by court order at the plaintiff's request, the court has the authority to order dismissal "on terms that the

Although the Court could end its analysis of the pending motions for attorney's fees at this point, in light of the fact that the Supreme Court's decision in *Microsoft v. Baker* is quite recent and has not yet been applied in the context of motions for attorney's fees under Rule 54, prudence suggests that the Court also evaluate Keith's argument that neither Butterfield nor Keith is a prevailing party in this case. The Court turns to that issue next.

**C. Whether Butterfield is a prevailing party**

Rule 54 provides that costs—other than attorney's fees—should generally be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The term "prevailing party," however, does not appear anywhere else in the text of Rule 54. Instead, in the context of attorney's fees, Rule 54 directs that the motion must specify "the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Thus, for any claim for which an award of attorney's fees is sought, the Court must consider the specific statute, rule, or other ground cited, whether under federal or state law.[5] In this case, Butterfield cites as his authority for recovering attorney's fees the following statutes: Or. Rev. Stat. § 20.096, Or. Rev. Stat. § 646.467, and 35 U.S.C. § 285. The Court considers Butterfield's arguments for prevailing party attorney's fees separately under each statute.

**1. Or. Rev. Stat. § 20.096—Keith's Claim for Breach of Contract**

Keith's third claim alleged that Butterfield breached his employment contract with Keith. In his second amended complaint, Keith alleged that he was entitled to contract damages and "[a]n award of attorney's fees and costs pursuant to the terms of the 2004 employment

---

court considers proper." This can include a requirement that the plaintiff pay a defendant's attorney's fees (or *vice versa*, when appropriate).

[5] When considering the merits of a motion for attorney's fees for claims based on state law, a federal court must follow relevant state law. *Swallow Ranches, Inc. v. Bidart*, 525 F.2d 995, 999 (9th Cir. 1975).

agreement." ECF 21 at 15. The parties' contract provides: "In case litigation is instituted, rising directly or indirectly out of this Agreement, the losing party shall pay to the *prevailing party* his or her reasonable attorney's fees, both at trial and appellate levels." ECF 34-1 at 9 (emphasis added). The contract further provides that it is governed by Oregon law. *Id*. at 8.

Or. Rev. Stat. § 20.096 states, in relevant part:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, *the party that prevails on the claim* shall be entitled to reasonable attorney fees . . . .

(Emphasis added.)

The relevant question now becomes whether, as a result of the filing of the parties' Stipulation of Dismissal with Prejudice, Butterfield is the prevailing party on Keith's claim of breach of contract. If federal law were to apply to this question, the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598 (2001), likely would provide the answer. In that case, the Supreme Court interpreted the term "prevailing party" in the context of two federal laws, the Fair Housing Amendments Act and the Americans with Disabilities Act, and rejected the "catalyst theory" as applied to those laws in determining whether someone is a prevailing party. The Supreme Court provided the following background:

> In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser. . . . Under this "American Rule," we follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." . . . Congress, however, has authorized the award of attorney's fees to the "prevailing party" in numerous statutes in addition to those at issue here, such as the Civil Rights Act of 1964, . . . the Voting Rights Act Amendments of 1975, . . . and the Civil Rights Attorney's Fees Awards Act of 1976 . . . .

PAGE 12 – OPINION AND ORDER

> In designating those parties eligible for an award of litigation costs, Congress employed the term "prevailing party," a legal term of art. *Black's Law Dictionary* 1145 (7th ed.1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>.—Also termed *successful party*." This view that a "prevailing party" is one who has been awarded some relief by the court can be distilled from our prior cases.

*Buckhannon*, 532 U.S. at 602-603 (citations and footnotes omitted) (emphasis in original).

The Supreme Court then held:

> We have only awarded attorney's fees where the plaintiff has received a judgment on the merits, . . . or obtained a court-ordered consent decree, . . .—we have not awarded attorney's fees where the plaintiff has secured the reversal of a directed verdict, . . . or acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by "judicial relief," . . . . *Never have we awarded attorney's fees for a nonjudicial "alteration of actual circumstances."*

*Buckhannon*, 532 U.S. at 605-606 (emphasis added) (citations and footnotes omitted).[6] Thus, if federal law were to apply to a defendant's motion for attorney's fees for defending against the plaintiff's state claim of breach of contract, then a defendant who benefits when a plaintiff files a stipulated dismissal (even with prejudice) likely would not be a "prevailing party," as *Buckhannon* interprets that term, because there was no judicial alteration of actual circumstances.[7]

---

[6] *But see Buckhannon*, 532 U.S. at 623 (Ginsburg, J., joined by Stevens, Souter, and Breyer, JJ., dissenting) ("In my view, the 'catalyst rule,' as applied by the clear majority of Federal Circuits, is a key component of the fee-shifting statutes Congress adopted to advance enforcement of civil rights. Nothing in history, precedent, or plain English warrants the anemic construction of the term 'prevailing party' the Court today imposes.")

[7] The Court uses the word "likely" only because the filing of a stipulated dismissal with prejudice, although not immediately constituting a judicial alteration of actual circumstances, would almost certainly result in a future judicial alteration of actual circumstances if the plaintiff were to sue the defendant again on the same claim or the same set of operative facts and the defendant were to move to dismiss under the doctrine of *res judicata*.

PAGE 13 – OPINION AND ORDER

Federal law, however, does not apply to the question of whether a party is entitled to recover attorney's fees in a diversity case, or when state law provides the rule of decision. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." (quotation marks omitted) (brackets in original). Thus, the Court evaluates whether Oregon law provides a definition of "prevailing party" that may inform these circumstances. It does.

Rule 54 A(1) of the Oregon Rules of Civil Procedure ("ORCP") provides a mechanism under which a plaintiff separately, or all appearing parties by stipulation, may obtain the voluntary dismissal without court order of a lawsuit pending in Oregon state court. The substance and procedure is virtually identical to that found in Rule 54 of the Federal Rules of Civil Procedure, except for two differences. First, ORCP 54 A(1) concludes: "Upon notice of dismissal or stipulation under this subsection, a party shall submit a form of judgment and the court shall enter a judgment of dismissal." Second, and most relevant to the pending dispute, ORCP 54 A(3), provides:

> **Costs and disbursements.** When an action is dismissed under this section, the judgment may include any costs and disbursements, *including attorney fees*, provided by contract, statute, or rule. *Unless the circumstances indicate otherwise, the dismissed party shall be considered the prevailing party*.

ORCP 54 A(3) (emphasis added). Thus, under Oregon law, after a plaintiff files a notice of voluntary dismissal (either with or without prejudice) under ORCP 54 A(1), the defendant generally is the prevailing party, pursuant to ORCP 54 A(3). *See Attaway, Inc. v. Saffer*, 95 Or. App. 481, 484, 770 P.2d 596, 598 (1989) ("The trial court correctly found that defendant was the prevailing party under ORCP 54 A(3).").

PAGE 14 – OPINION AND ORDER

It seems odd, however, to rely on an Oregon Rule of Civil Procedure as part of a substantive determination whether a party in a federal lawsuit is a "prevailing party" under Oregon law. Federal courts sitting in diversity (or when the rule of decision over a claim is governed by state law) apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965). The determination, however, of whether someone is a prevailing party and thus entitled to fee-shifting (as well as the method of calculating the appropriate fee) is an inherent part of the substantive state right to the fee. *See Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Whether to hold a hearing is a matter of court administration, whereas calculation of the amount of the fee is bound up in the substantive state right.").

Thus, under Oregon law, Butterfield is the prevailing party with regard to Keith's claim of breach of contract, based on the filing of the parties' Stipulation of Dismissal with Prejudice. But for the procedural barrier identified in the preceding section relating to the absence of a judgment, as that term is understood under Rule 54 of the Federal Rules of Civil Procedure, Butterfield would have been entitled to his reasonable attorney's fees incurred in defending against Keith's claim of breach of contract.[8] As discussed previously, however, because no judgment (including any appealable order) has been entered in this case, federal procedural rules preclude an award of attorney's fees to any party.

---

[8] Butterfield seeks a total award of $63,000 in attorney's fees, but he has not yet provided a detailed accounting of fees incurred. Thus, the Court cannot perform at this time a review of the reasonableness of that fee request, especially in the context of allowing fees only for Butterfield's defense of Keith's breach of contract claim. Butterfield offers to provide a "detailed accounting of fees incurred" upon "an indication from the Court that Butterfield is entitled to fees." ECF 33 at 10. Based on the Court's ruling in this Opinion and Order, however, Butterfield's supplemental submission is not needed at this time. If the Ninth Circuit were to view the analysis differently, this Court would permit Butterfield to supplement his motion after remand.

### 2. Or. Rev. Stat. § 646.467—Keith's Claim for Trade Secret Misappropriation

Keith's fourth claim alleged that Butterfield misappropriated Keith's trade secrets in violation of Oregon law. Under Oregon's trade secret law, a prevailing party may recover reasonable attorney's fees only under the following circumstances:

> The court may award reasonable attorney fees to the prevailing party if: (1) A claim of misappropriation is made in bad faith; (2) A motion to terminate an injunction is made or resisted in bad faith; or (3) Willful or malicious misappropriation is found by the court or jury.

Or. Rev. Stat. § 646.467. For the same reasons that Butterfield is the prevailing party in Keith's state law claim of breach of contract, Butterfield also is the prevailing party in Keith's state law claim of trade secret misappropriation. Being a prevailing party here, however, is insufficient to warrant fee-shifting under Oregon's trade secret law.

The Court has reviewed the parties' submissions. Butterfield has not shown that Keith's claim of misappropriation was made in bad faith. In addition, the other two conditions that might support an award of attorney's fees in other circumstances are inapplicable in this case. Accordingly, Butterfield is not entitled to an award of attorney's fees on Keith's claim of trade secret misappropriate, notwithstanding Butterfield's status as a prevailing party under Oregon law.

### 3. 35 U.S.C. § 285—Keith's Patent Claims

Keith's first and second claims sought, respectively, declarations of noninfringement of the '520 patent and invalidity of that patent. After Butterfield provided his Covenant Not to Sue, the Court granted Butterfield's motion to dismiss these claims as moot and for lack of subject matter jurisdiction. Butterfield does not contend that he is the prevailing party on these claims.

Keith's fifth claim, however, sought an order directing the U.S. Patent and Trademark Office to amend the '520 patent properly to name the inventors of that patent. Butterfield

contends that he is the prevailing party under this federal patent claim, and he seeks attorney's fees under 35 U.S.C. § 285. That federal patent statute provides:

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

35 U.S.C. § 285.

The issue of a whether a party is a prevailing party under 35 U.S.C. § 285 (the fee provision under the Patent Act) is a question of Federal Circuit law. *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) ("In a patent case, Federal Circuit law governs the determination of which party has prevailed."). In support of Butterfield's argument that he is the prevailing party with respect to Keith's claim for correction of patent inventorship, Butterfield cites the Federal Circuit's decision in *Power Mosfet Technologies, LLC v. Siemens AG*, 378 F.3d 1396 (Fed. Cir. 2004). In that case, the Federal Court found that a particular party had prevailed and stated: "The dismissal of a claim with prejudice, however, is a judgment on the merits under the law of the Federal Circuit." *Id*. at 1416. Even though *Power Mosfet* was decided after the Supreme Court's decision in *Buckhannon*, the Federal Circuit in *Power Mosfet* did not mention *Buckhannon*. A later decision from the Federal Circuit, however, did.

In *RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d 1348 (Fed. Cir. 2007), the Federal Circuit applied *Buckhannon* to the prevailing party fee provision in the Patent Act, 35 U.S.C. § 285. RFR voluntarily dismissed its case under Rule 41(a)(1)(i) (the predecessor to current Rule 41(a)(1)(A)(i)), before Century served its answer. Century then filed a motion for attorney's fees. Citing *Buckhannon*, the Federal Circuit in *RFR* stated:

> We hold that a plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i) does not bestow "prevailing party" status upon the defendant. In order for a defendant to be said to have "prevailed" as the result of a Rule 41 dismissal, the dismissal must have "sufficient *judicial imprimatur* to constitute a '*judicially sanctioned* change in the legal relationship of the parties.'"

PAGE 17 – OPINION AND ORDER

*RFR*, 477 F.3d at 1353 (emphasis added).

In the pending case, Butterfield argues that the filing of a stipulation of dismissal with prejudice changes the legal relationship of the parties. This appears to be correct because Keith may no longer bring a new action against Butterfield on the same claim or the same set of operative facts, under the doctrine of *res judicata*. The Federal Circuit in *RFR*, however, following the reasoning of the Supreme Court in *Buckhannon*, held that there must be something more than merely a change in the legal relationship of the parties—such a change must have a sufficient judicial imprimatur to constitute a judicially sanctioned change. When claims are dismissed simply by the filing of a voluntary dismissal (either with or without prejudice), there is no judicial imprimatur to constitute a judicially sanctioned change. This was the same result reached in a well-reasoned Report and Recommendation by U.S. Magistrate Judge Karla R. Spaulding in *F4W, Inc. v. TracStar Systems, Inc.*, Case No. 6:12-cv-1539-Orl-28KRS (M.D. Fla. April 3, 2015), adopted by U.S. District Judge John Antoon II, 2015 WL 12840464 (M.D. Fla. June 18, 2015). Thus, Butterfield is not the prevailing party on Keith's fifth claim.

Further, even if Butterfield were the prevailing party on Keith's fifth claim, the exceptional circumstances required for an award of attorney's fees in a patent case under § 285 are lacking. In *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S.Ct. 1749 (2014), the Supreme Court stated:

> We hold, then, that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. As in the comparable context of the Copyright Act, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion

>should be exercised 'in light of the considerations we have identified.'"

*Octane*, 134 S. Ct. at 1756. Under the totality of the circumstances presented in the pending case, including Butterfield's Covenant Not to Sue, the Court does not believe that this case stands out from others with respect to the substantive strength of either party's litigating position or any unreasonable manner in which the case was litigated. Thus, attorney's fees would be inappropriate under § 285, even if Butterfield were the prevailing party.

### D. Keith's Conditional Motion for Attorney's Fees

Keith argues that because this action was voluntarily dismissed by stipulation under Rule 41(a), it does not meet the definition of "Judgment" set forth in Rule 54. The Court agrees. Keith adds, however, that if the Court were to disagree, then Keith conditionally moves for its attorney's fees as the prevailing party under its first two claims, seeking declaratory relief under the Patent Act. Keith argues that when the Court dismissed Keith's first two claims as moot on the basis of Butterfield's Covenant Not to Sue, ECF 30, that order changed the legal relationship between the parties sufficient to result in Keith becoming the prevailing party for those two claims. It was not, however, the Court's order dismissing Keith's claims that changed the parties' legal relationship; it was Butterfield's Covenant Not to Sue. Nevertheless, Keith argues that the Court's decision recognizing the legal effect of Butterfield's Covenant Not to Sue is sufficient judicial imprimatur.

In response, Butterfield cites several district court decisions holding that when declaratory judgment patent claims are dismissed for lack of subject matter jurisdiction based on a covenant not to sue voluntarily provided to the plaintiff by the patent owner, the plaintiff is not considered a prevailing party. *See, e.g.*, *In re Columbia Univ. Patent Litig.*, 343 F. Supp. 2d 35, 49 (D. Mass. 2004) ("While [Defendant's] covenant not to sue is a form of voluntary conduct

that accomplishes the major part of what the plaintiffs sought to achieve in these lawsuits, they have received no relief from the court on the merits of their claims. They are, therefore, not prevailing parties for the purposes of § 285.") (citing *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 318, 1320 (Fed. Cir. 2004)); *see also HTC Corp. v. Tech. Props. Ltd.*, 2014 WL 3706617, at *4 (N.D. Cal. July 21, 2014) ("District courts, including this one, have held that where a declaratory judgment defendant divests the court of subject matter jurisdiction over the case, either by disclaiming the patent at issue or by filing a covenant not to sue—and the court dismisses the claims without prejudice—the plaintiff is not the prevailing party.") (citing cases). Nowhere in Keith's submissions regarding attorney's fees does Keith address either *Columbia* or *HTC*.

In addition, even if Keith were a prevailing party on its first two claims, the Court, viewing the totality of the circumstances in this case, as discussed above, does not believe that this case stands out from others with respect to the substantive strength of either party's litigating position or any unreasonable manner in which the case was litigated. Thus, attorney's fees would be inappropriate under § 285, even if Keith were the prevailing party on its first two claims.

## CONCLUSION

Defendant Larry D. Butterfield's Motion for Attorney's Fees (ECF 33) is DENIED. Similarly, Plaintiff Keith Manufacturing Co.'s Motion for Attorney's Fees (ECF 35) is DENIED.

**IT IS SO ORDERED**.

DATED this 26th day of June, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge