Shawn Kolitch, OSB No. 063980
Email: shawn@kolitchromano.com
KOLITCH ROMANO LLP
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone: (503) 994-1650

*Attorney for Defendant*
*Larry D. Butterfield*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **KEITH MANUFACTURING, CO.**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**LARRY D. BUTTERFIELD**, an individual,<br><br>Defendant. | Case No. 3:15-cv-02008-SI<br><br>**DEFENDANT'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES AND MEMORANDUM IN SUPPORT** |

## LR 7-1 CERTIFICATION

The undersigned counsel for Defendant Larry D. Butterfield ("Butterfield") certifies that counsel for parties met and conferred in a good faith effort to resolve the issues presented in this motion, but were unable to do so.

## MOTION

Defendant Larry D. Butterfield ("Butterfield") hereby moves the Court for attorney fees in the amount of $196,881.50. The requested amount includes:

(i)     $54,697.00 incurred for time spent successfully defending against Plaintiff's breach of contract claim;

(ii)    a fee multiplier of 2.0 applied to Butterfield's fees for his substantive defense, which increases Butterfield's fee request for the substantive portion of the action from $54,697.00 to $109,394.00;

(iii)   $22,530.00 incurred for time spent on Butterfield's original motion for attorney's fees and his opposition to Plaintiff's unsuccessful motion for attorney's fees;

(iv)    $55,207.50 incurred for time spent on Butterfield's successful appeal and his opposition to Plaintiff's Federal Circuit motion for sanctions; and

(v)     $9,750 incurred for time spent preparing the court-ordered joint status report and the present motion (subject to increase as briefing continues).

<u>**MEMORANDUM IN SUPPORT OF MOTION**</u>

## I.     RELEVANT PROCEDURAL HISTORY

After Plaintiff Keith Manufacturing Co. ("Keith") filed a stipulation of dismissal with prejudice in this Court pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), both parties moved for an award of attorney fees. The Court denied both fee motions, but held that "[b]ut for the . . . absence of a judgment, as that term is understood under Rule 54 of the Federal Rules of Civil Procedure, Butterfield would have been entitled to his reasonable attorney's fees incurred in defending against Keith's claim of breach of contract." Dkt. 43, p. 15. The Court's conclusion that there had been no Rule 54 judgment in this case was based on the Court's interpretation of *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017).

Butterfield filed a timely notice of appeal to the Ninth Circuit, and the parties briefed the Ninth Circuit appeal. However, Plaintiff contested Ninth Circuit jurisdiction, and argued that the Federal Circuit had exclusive jurisdiction to hear Butterfield's appeal. The Ninth Circuit transferred the appeal to the Federal Circuit, and the parties briefed the appeal for a second time. Subsequently, Plaintiff filed a motion for sanctions against Butterfield in the Federal Circuit under Fed. R. App. P. 38, which the parties also fully briefed. On September 3, 2019, counsel for both parties conducted oral argument before the Federal Circuit. On April 7, 2020, the Federal Circuit issued its opinion denying Plaintiff's motion for sanctions, vacating this Court's opinion and order, and remanding the case for further proceedings. On May 20, 2020, this Court ordered the parties to file supplemental briefs relating to Butterfield's motion for attorney fees and any other issues the parties feel should be addressed by the Court after remand.

## II.    AN ATTORNEY FEE AWARD TO BUTTERFIELD IS MANDATORY

"Under Oregon law the prevailing party is 'entitled to reasonable attorneys' fees in addition to costs and disbursements' in any action based on a contract that specifically provides for an award of attorney's fees to the prevailing party." *Copeland-Turner v. Wells Fargo Bank, N.A.*, 3:11-cv-37-HZ, at 2 (D. Or. Jan. 11, 2012) (quoting Or. Rev. Stat. § 20.096(1)). Furthermore, after establishing that the contract provides for fee shifting and which party prevailed, an award pursuant to Or. Rev. Stat. § 20.096 "is mandatory; the trial court has no discretion to deny it, although it does have discretion as to what amount is reasonable." *Benchmark N.W., Inc. v. Sambhi*, 83 P.3d 348, 349 (Or. App. 2004) (citation omitted).

This Court has already determined that Butterfield is the prevailing party with respect to Keith's breach of contract claim, that the asserted contract provides for an award of attorney fees to the prevailing party, and that Butterfield would have been entitled to fees but for the Court's conclusion, based on *Microsoft v. Baker*, that the stipulation of dismissal in this case was not a "judgment" for purposes of Rule 54. Dkt. 43, p. 15. On appeal, however, the Federal Circuit determined that "*Microsoft* is inapplicable," and that the stipulation of dismissal with prejudice in this case should be viewed as a judgment for purposes of Rule 54. Dkt. 49, p. 2. Neither party appealed any other portion of this Court's Opinion and Order denying the parties' original motions for attorney fees. Accordingly, this Court should now award attorney fees to Butterfield.

## III.    LEGAL FRAMEWORK FOR DETERMINING THE AMOUNT OF FEES

Oregon courts generally award attorney fees based on the lodestar method, under which courts multiply the reasonable number of hours spent on the case by a reasonable hourly rate. *See Strawn v. Farmers Ins. Co. of Or.*, 297 P.3d 439, 447-48 (Or. 2013). The lodestar amount may be adjusted based on the factors specified in O.R.S. § 20.075. *Alexander Mfg., Inc. Emp. Stock*

*Ownership & Tr. v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1181 (D. Or. 2010). In a case such as this one, where the Court is required to award fees and has discretion only over the amount of the award, O.R.S. § 20.075 requires courts to undertake a two-part inquiry to determine the amount of the fee award. First, the Court must consider:

(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

(b) The objective reasonableness of the claims and defenses asserted by the parties.

(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

(g) The amount that the court has awarded as a prevailing party fee under O.R.S. 20.190.

(h) Such other factors as the court may consider appropriate under the circumstances of the case.

O.R.S. § 20.075(1). Second, the Court must consider:

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

Page 3 –    Memorandum in Support of
Defendant's Supplemental Motion for Attorney Fees
Case No. 3:15-cv-02008-SI

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

O.R.S. § 20.075(2).

A party entitled to attorney fees may also recover additional amounts necessarily incurred in obtaining an award, or so-called "fees on fees." *See, e.g., Chatelain v. Country Mut. Ins. Co.*, 3:15-cv-02013-MO, at 12-17 (D. Or. December 29, 2017) (analyzing and awarding fees on fees). Finally, in cases where a prevailing party's counsel achieved exceptional results and/or where some or all of the legal work was performed under a contingency fee agreement, the Court may award a discretionary fee multiplier. *See, e.g., Beck v. Metro. Prop. and Cas. Ins. Co.*, 3:13-cv-00879-AC, at 44-45 (D. Or. Sept. 16, 2016) (stating "Oregon law permits an enhancement of fees when it is supported by the facts and circumstances of the case" and applying a multiplier of 2.0 to a portion of the prevailing party's fee award).

## IV.    BUTTERFIELD'S REQUESTED FEES ARE REASONABLE BASED ON THE LODESTAR FACTORS

### A.    Apportionment of Time Spent Substantively Defending the Action

Butterfield seeks $54,697 incurred for 123.8 hours spent defending against Plaintiff's breach of contract claim. As shown in Exhibit A to the Declaration of Shawn J. Kolitch in Support

of Butterfield's Supplemental Motion for Attorney's Fees ("Kolitch Decl."), the requested amount includes 101.3 hours billed by Mr. Kolitch at his 2016 rate of $440 per hour and 22.5 hours billed by Mr. Kolitch at his 2017 rate of $450 per hour. The requested amount excludes paralegal time, and excludes time Mr. Kolitch spent specifically on other claims of the action. Kolitch Decl., ¶ 8, Ex. A.

Although Butterfield is only entitled to recover attorney fees for defending against Plaintiff's breach of contract claim, the attorney time for which Butterfield seeks to recover fees cannot reasonably be attributed to Plaintiff's other claims. Under Oregon law, when "there are common issues among the claims, it may not be necessary to apportion the fees between the claim on which the party succeeded and those on which the party did not." *Freedland v. Trebes*, 986 P.2d 630, 632 (Or. App. 1999). In that case, "the court might conclude that it would have taken roughly the same amount of time to litigate a case in which the successful claim was the sole claim as it took to litigate the case in which it was one among several claims." *Id*.

In the present case, Butterfield's time spent defending the action would have been roughly the same if Plaintiff had asserted only a breach of contract claim, and Butterfield has accounted for any differences by excluding time entries from his fee request which relate solely to the other claims of the action. As Plaintiff alleged in its Complaint, "[a]ll the causes of action set forth in this complaint arise from Butterfield's breach of his employment contract with Keith." Dkt. 21, ¶ 9.

Specifically, Plaintiff's allegation that "Butterfield *breached his employment contract* with Keith by threatening Keith with a patent infringement action on a patent that Keith either owns or has a royalty-free right to use pursuant to specifically stated terms of Butterfield's employment contract with Keith" gave rise to Plaintiff's declaratory judgment patent claims. (Dkt. 21, ¶ 70)

(Emphasis added). Plaintiff's allegation that "[b]ecause he was a fulltime Keith employee and had *executed an employment agreement*, Butterfield owed Keith a duty to limit use of Keith's confidential information to Keith's business activities and not use such information for Butterfield's independent business that both competed with Keith and diverted business away from Keith" gave rise to Plaintiff's trade secret claim. (Dkt. 21, ¶ 80) (Emphasis added). Plaintiff's allegation that "Butterfield *breached his employment contract* with Keith by unilaterally filing a patent application on a design that was developed using Keith's time, materials, and facilities" gave rise to Plaintiff's patent inventorship claim. (Dkt. 21, ¶ 69) (Emphasis added). The asserted contract itself states that "[i]n case litigation is instituted, rising *directly or indirectly* out of this Agreement, the losing party shall pay to the prevailing party his or her reasonable attorney's fees, both at trial and appellate levels." Dkt. 34-1, p. 9, Sec. 15 (Emphasis added).

Because all of Plaintiff's causes of action relied upon Butterfield's alleged breach of his employment contract, general litigation activities such as (for example) settlement discussions and discovery were fundamentally related to Plaintiff's breach of contract claim, and time spent on those activities cannot reasonably be apportioned to other claims. Accordingly, having excluded time spent exclusively on other claims of the action, the remaining attorney time can all reasonably be attributed to defending against Plaintiff's breach of contract claim. The Court can readily conclude that 123.8 hours is a reasonable amount of attorney time to litigate a breach of contract claim that was brought against Butterfield on October 23, 2015 and dismissed with prejudice 18 months later, on April 21, 2017.

**B.    Application of Lodestar Factors to Butterfield's Substantive Defense**

Applying the lodestar factors of O.R.S. § 20.075(1)-(2) to Butterfield's substantive defense of the case demonstrates the reasonableness of the amount Butterfield requests for this phase of the litigation. With respect to the factors listed in O.R.S. § 20.075(1):

> **(a)    The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.**

Butterfield believes that Plaintiff's conduct giving rise to the present litigation indicates that Plaintiff brought the action in bad faith. Specifically, in Oregon State Case No. 10CV0023, filed March 18, 2010, Plaintiff alleged breach of contract and trade secret claims virtually identical to the corresponding claims of the present action. *See* Dkt. 23-2 & 23-3, pp. 12-19. Plaintiff voluntarily dismissed its prior state court action on November 1, 2010, and then waited five years to bring the same claims against Butterfield in federal court, only to voluntarily dismiss its claims yet again. The Court should find this duplicative and vexatious litigation to be an indication of Plaintiff's bad faith. Plaintiff's subsequent litigation behavior and voluntary dismissal demonstrate that Plaintiff never intended to follow this action to its conclusion on the merits, but rather brought the action as a form of legal and financial harassment against its former employee Butterfield.

> **(b)    The objective reasonableness of the claims and defenses asserted by the parties.**

The Court can easily conclude that Plaintiff's claims were objectively unreasonable. Despite having previously alleged the same state law claims against Butterfield five years earlier, Plaintiff never elicited any evidence of breach of contract or specified the provisions of the contract allegedly breached, never articulated a single trade secret with specificity (much less produced proof of Butterfield's misappropriation), never produced any evidence of patent inventorship, and

baselessly opposed Butterfield's motion to dismiss its declaratory judgment claims despite case law clearly demonstrating the claims should be dismissed. In later phases of the action, Plaintiff filed baseless and retaliatory motions for attorney fees and sanctions in both this Court and the Federal Circuit.

> **(c)     The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.**

There would be no chilling effect against good faith claims or defenses resulting from an attorney fee award in this case. Plaintiff stipulated to dismissal of all of its claims with prejudice without reaching an agreement with the opposing party about fee shifting. A party asserting good faith claims could simply choose not to do this.

> **(d)     The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.**

An attorney fee award in this case would signal to plaintiffs that they cannot bring baseless and duplicative litigation for anti-competitive or retributive purposes, and then voluntarily dismiss their claims later without consequences. Accordingly, a fee award in this case would create a valuable deterrent against frivolous and vexatious litigation.

> **(e)     The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.**

Plaintiff and its attorneys were objectively unreasonable and far from diligent during the litigation proceedings. Plaintiff refused to participate meaningfully in discovery in the case, never produced or elicited any evidence in support of its claims, refused to schedule a Rule 16 conference, and ignored repeated requests to propose a protective order or to meet and confer about the issue. *See generally* Dkt. 34-3. In response to Butterfield's discovery requests seeking identification of the contract provisions he allegedly breached and the trade secrets he allegedly misappropriated, Plaintiff stated that more discovery from Butterfield was necessary before

Plaintiff could provide any such details about its own claims. When Butterfield's counsel finally demanded that the parties meet and confer regarding a Rule 16 conference, a motion for protective order, a motion to compel Plaintiff to supplement its interrogatory answers, and a motion to dismiss the action for failure to prosecute, Plaintiff's counsel abruptly announced that Plaintiff wished to dismiss the action voluntarily. *Id*. This was 18 months after Plaintiff had commenced the action.

Plaintiff also filed a baseless and retaliatory motion for attorney fees in this Court (Dkt. 35) and a baseless motion for sanctions and attorney fees in the Federal Circuit (Fed. Cir. Case No. 19-1136, Dkt. 28), both of which were objectively unreasonable and both of which were summarily denied.

> **(f)     The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

> **(g)     The amount that the court has awarded as a prevailing party fee under O.R.S. 20.190.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

> **(h)     Such other factors as the court may consider appropriate under the circumstances of the case.**

Butterfield is not aware of other relevant factors in the Court's inquiry.

With respect to the factors listed in O.R.S. § 20.075(2):

> **(a)     The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.**

Plaintiff asserted state law claims for breach of contract and trade secret misappropriation, and federal claims for patent noninfringement, invalidity and correction of inventorship. Accordingly, litigating this case on Butterfield's behalf required general litigation skill, technical

ability sufficient to understand the technology of the patent at issue in the case, and specialized intellectual property knowledge and litigation skill.

> **(b)    The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

> **(c)    The fee customarily charged in the locality for similar legal services.**

Mr. Kolitch's hourly rates are consistent with the rates identified in the Oregon State Bar's Economic Survey. For civil litigation defense excluding insurance defense, the 2017 survey, which provides 2016 attorney billing rates, lists $327 per hour as the average Portland rate and $540 per hour as the 95th percentile rate. Kolitch Decl., ¶¶ 19-20, Ex. B. Mr. Kolitch's rate during the substantive defense of this action was $440 in 2015-2016 and $450 in 2017. Kolitch Decl. ¶ 21. Above average rates are reasonable in a case that includes intellectual property claims, as intellectual property litigators are highly specialized and typically command relatively high rates as a result. Mr. Kolitch believes his hourly rates are average or below average for experienced intellectual property litigators in Portland. Kolitch Decl. ¶ 22.

In addition, above-average hourly rates are supported by the fact that Mr. Kolitch litigated this case under a quasi-contingency fee arrangement. *See Roberts v. Interstate Distributor Co.*, 242 F.Supp.2d 850, 858 (D. Or. 2002) ("the probable appeal that necessarily accompanies such contingent-fee cases also weighs in favor of a higher hourly rate."). The fee arrangement in this case is described in detail below with respect to factor (h).

> **(d)    The amount involved in the controversy and the results obtained.**

Plaintiff never alleged any specific amount of damages, but sought actual damages, injunctive relief, invalidation or ownership of Butterfield's patent, attorney's fees and costs, and

punitive damages. Dkt. 21, p. 15. Plaintiff did not obtain any of its requested relief. Butterfield's counsel obtained dismissal of Plaintiff's declaratory judgment patent claims over Plaintiff's opposition, and dismissal with prejudice of all of Plaintiff's remaining claims. There was no settlement, and Butterfield made no concessions in the case. Thus, the stakes in this case were extremely high for Butterfield, and the results obtained on his behalf were extraordinarily good.

> **(e)** **The time limitations imposed by the client or the circumstances of the case.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

> **(f)** **The nature and length of the attorney's professional relationship with the client.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

> **(g)** **The experience, reputation and ability of the attorney performing the services.**

According to PACER data, prior to commencement of this action, Butterfield's counsel Mr. Kolitch had been counsel of record in 44 other federal district court actions over the previous decade, including 36 in the District of Oregon. Kolitch Decl., ¶¶ 23-24, Ex. C. Mr. Kolitch is also a registered patent attorney with the USPTO and has a doctorate degree in physics, a master's degree in applied physics, and an undergraduate degree in applied mathematics. Kolitch Decl., ¶ 2. Mr. Kolitch therefore has a combination of federal court litigation experience, the background and qualifications to handle the patent law and technology aspects of this case, and (as far as he is aware) a faultless professional reputation.

> **(h)** **Whether the fee of the attorney is fixed or contingent.**

The fee agreement between Butterfield and his attorneys for this action can best be described as a quasi-contingency arrangement. Specifically, Butterfield was billed at hourly rates

throughout the litigation, and paid all invoices he received before the dismissal of the action on April 21, 2017, paying a total of $52,278.00 for legal services performed through March 7, 2017. Kolitch Decl. ¶ 9, Ex. A. After the case was dismissed, Butterfield and Mr. Kolitch (with the agreement of Mr. Kolitch's firm) agreed that Mr. Kolitch would file a motion for attorney fees and continue to bill Butterfield for attorney and law clerk time at normal hourly rates, but with no expectation of payment unless the motion was successful.[1] Kolitch Decl., ¶¶ 10-11. After the Court denied Butterfield's original fee motion, Butterfield and Mr. Kolitch agreed to extend this contingency arrangement through the subsequent appeal. Kolitch Decl., ¶ 14.

Accordingly, payment of all of Butterfield's attorney fees incurred after March 7, 2017 is fully contingent on Butterfield's recovery of a fee award from Keith. Under Oregon law, this contingency fee arrangement weighs in favor of a higher hourly rate. *See Roberts*, 242 F.Supp.2d at 859 (D. Or. 2002) ("the Court finds the contingent nature and the novelty of the legal issues in this particular case justify a higher rate").

### C.    Application of Lodestar Factors to Butterfield's Fees on Fees

Butterfield requests $22,530 for 91.3 hours of time spent on briefing Butterfield's original attorney fee motion and Keith's competing fee motion. This includes 29.9 hours spent by Mr. Kolitch at an hourly rate of $450 and 61.4 hours spent by law clerks at an hourly rate of $150. Kolitch Decl., ¶ 12, Ex. A. Butterfield further requests $55,207.50 incurred for 169.7 hours spent

---

[1] The discrepancy between the $52,278.00 in fees paid by Butterfield and the $54,847.00 Butterfield requests for the substantive defense of the action is due to the fact that when Butterfield and Mr. Kolitch came to their contingency fee agreement on April 21, 2017, Butterfield had not yet been billed for a small amount of incurred fees. Mr. Kolitch agreed to include these incurred but unbilled fees in the contingency. Kolitch Decl., ¶¶ 8-11.

on Butterfield's successful appeal and his opposition to Plaintiff's unsuccessful motion for sanctions. This includes 14.3 hours spent by Mr. Kolitch at his 2017 hourly rate of $450, 77.7 hours spent by Mr. Kolitch at his 2018-2019 hourly rate of $475, 0.6 hours spent by Mr. Kolitch at his 2020 hourly rate of $500, and 77.10 hours spent by law clerks at an hourly rate of $150. Kolitch Decl., ¶ 15, Ex. A.

Finally, Butterfield requests $9,750 for 19.5 hours spent to date on preparing and filing the court-ordered joint status report and briefing the present motion at Mr. Kolitch's current hourly rate of $500. Kolitch Decl. ¶ 18, Ex. A. This brings Butterfield's total "fees on fees" request to $87,487.50, subject to increase as briefing continues. As described below, application of the lodestar factors demonstrates that this amount is reasonable under the circumstances of this case.

> **(a)** **The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.**

With respect to Butterfield's requested "fees on fees" award, Plaintiff's conduct is responsible for a significant portion of Butterfield's requested amount. Specifically, out of a total of 91.3 hours and $22,530 requested for the attorney fee briefing phase of the action in this Court, Butterfield's counsel and law clerks spent 71.5 hours and $14,055 replying to Plaintiff's arguments, responding to Plaintiff's unsuccessful motion for attorney fees, and researching Plaintiff's threatened (but never filed) Rule 11 motion. Kolitch Decl., ¶ 13, Ex. A.

Similarly, out of a total of 169.7 hours and $55,207.50 requested for the appellate work in the case, Butterfield's counsel and law clerks spent 27.5 hours and $13,062.50 re-briefing Butterfield's appeal to the Federal Circuit after Plaintiff contested Ninth Circuit jurisdiction, and 23.1 hours and $10,972.50 opposing Plaintiff's unsuccessful Rule 38 motion for sanctions in the Federal Circuit. Kolitch Decl., ¶ 16, Ex. A. Butterfield's counsel also spent significant but

unquantified time preparing for oral argument relating to Plaintiff's motion for sanctions, although neither Plaintiff's counsel nor the Federal Circuit panel ever mentioned the sanctions motion during oral argument. Kolitch Decl., ¶ 17.

> **(b)     The objective reasonableness of the claims and defenses asserted by the parties.**

In the post-dismissal ("fees on fees") phase of this action, Plaintiff filed a motion for attorney fees in this Court, despite the fact that all of Plaintiff's claims had been dismissed and there was no reasonable basis for Plaintiff to seek fees. The Court denied Plaintiff's motion. Plaintiff subsequently filed a motion for sanctions in the Federal Circuit based on the purported frivolousness of Butterfield's appeal, although the Tenth Circuit had already ruled consistently with Butterfield's position and the Federal Circuit had never addressed the issue under appeal. The Federal Circuit ruled in Butterfield's favor on the substance of the appeal, and summarily dismissed Plaintiff's sanctions motion in a footnote. This Court can conclude that both of Plaintiff's motions were objectively unreasonable, and that they significantly increased the post-dismissal attorney fees Butterfield incurred in this action.

> **(c)     The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.**

Butterfield sees no such deterrent effect resulting from an award of his requested fees on fees, when Plaintiff chose to file frivolous and retaliatory motions for attorney fees and sanctions. A party acting in good faith would not have filed these motions.

> **(d)     The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.**

An award to Butterfield for the post-dismissal phase of this action would deter parties from filing frivolous attorney fee and sanctions motions.

**(e)**    **The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.**

Butterfield does not believe Plaintiff or its counsel was objectively reasonable or diligent during the post-dismissal phase of the case. As already noted, Plaintiff filed frivolous and retaliatory motions for fees and sanctions in both this Court and the Federal Circuit. In addition, after contesting Butterfield's appeal and filing a motion for sanctions in the Federal Circuit, Plaintiff's counsel did not say a single word during oral argument about the substance of Plaintiff's position in the appeal or the basis for Plaintiff's motion for sanctions. Kolitch Decl., ¶ 17.

**(f)**    **The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

**(g)**    **The amount that the court has awarded as a prevailing party fee under O.R.S. 20.190.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

**(h)**    **Such other factors as the court may consider appropriate under the circumstances of the case.**

Butterfield is not aware of any other factors relevant to the Court's inquiry.

With respect to the factors listed in O.R.S. § 20.075(2):

**(a)**    **The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.**

Briefing and arguing Butterfield's successful appeal, and opposing Plaintiff's unsuccessful motions for attorney fees and sanctions, required significant time, labor and skill beyond that of a typical litigator. Indeed, while Butterfield's counsel Mr. Kolitch handled both the district court

proceedings and the appeal in this action, Plaintiff retained a specialized appellate attorney to brief the appeal.[2]

> **(b)    The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

> **(c)    The fee customarily charged in the locality for similar legal services.**

Mr. Kolitch's hourly rates during the post-dismissal (fees on fees) phase of the action are consistent with those identified in the Oregon State Bar's Economic Survey. As noted previously, for civil litigation defense excluding insurance defense, the 2017 survey, which provides 2016 attorney billing rates, lists $327 per hour as the average Portland rate and $540 per hour as the 95th percentile rate. Kolitch Decl., ¶ 20, Ex. B. Assuming an increase of three percent per year, the average rate would be $337 in 2017, $347 in 2018, $357 in 2019 and $368 in 2020, while the 95th percentile rate would be $556 in 2017, $573 in 2018, $590 in 2019 and $608 in 2020. Mr. Kolitch's rate was $450 in 2017, $475 in both 2018 and 2019, and $500 in 2020. Kolitch Decl., ¶ 21. While above average, Mr. Kolitch's rates are far less than the 95th percentile rates. Above average hourly rates are reasonable for complex federal court litigation and appellate work, particularly when performed on contingency.

> **(d)    The amount involved in the controversy and the results obtained.**

The amount at stake in the attorney fee and appellate portions of the litigation can reasonably be viewed as the sum of the attorney fees for both parties, since both parties moved for

---

[2] Plaintiff's appellate attorney, Rebecca A. Copeland, withdrew as counsel of record in the appeal on December 12, 2019, and is now apparently a state court judge in Hawaii.

Page 16 –    MEMORANDUM IN SUPPORT OF
DEFENDANT'S SUPPLEMENTAL MOTION FOR ATTORNEY FEES
CASE NO. 3:15-CV-02008-SI

fees (Plaintiff moved for fees in both this Court and the Federal Circuit). This amount is at least $196,881.50 (Butterfield's requested fees), and would presumably be significantly higher if Plaintiff's fees were included. With respect to the results obtained in the post-dismissal phase of the action, Butterfield's appeal was successful, and it appears that Butterfield will be awarded fees while both of Plaintiff's fee motions were denied.

**(e)    The time limitations imposed by the client or the circumstances of the case.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

**(f)    The nature and length of the attorney's professional relationship with the client.**

Butterfield does not believe this is a relevant factor in the Court's inquiry.

**(g)    The experience, reputation and ability of the attorney performing the services.**

This factor was discussed previously in the context of Butterfield's substantive defense. In addition, since this action was commenced, according to PACER data, Butterfield's counsel Mr. Kolitch has appeared as counsel of record in 11 additional federal district court actions, including five additional actions in the District of Oregon. Kolitch Decl., ¶ 25, Ex. C.

**(h)    Whether the fee of the attorney is fixed or contingent.**

As described previously, Butterfield and Mr. Kolitch had a quasi-contingent fee arrangement, with all fees billed after dismissal of the case fully contingent on the success of Butterfield's attorney fee motion and subsequent appeal. Thus, Mr. Kolitch performed all "fees on fees" work with no expectation of any payment unless successful. This was a high-risk proposition that weighs in favor of both a higher hourly rate and recovery of the entirety of Butterfield's requested amount of fees.

## V.     A FEE MULTIPLIER IS APPROPRIATE

Under Oregon law, the Court has discretion to apply a fee multiplier to Butterfield's requested regular attorney fees. *See Vanvalkenburg v. Or. Dep't of Corrs.*, 3:14-cv-00916-MO, at 10 (D. Or. 2017) ("it is clear under Oregon case law that I have discretion to award an enhancement to [the prevailing party]'s requested regular attorney fees in the form of a fee multiplier."). This Court has found attorney performance and the risk associated with a contingency fee agreement to be relevant factors in determining whether to adopt a fee multiplier. *See Foraker v. USAA Cas. Ins. Co.*, 3:14-cv-87-SI, at 16 (D. Or. 2018) (quoting *Moro v. State*, 360 Or. 467, 491 (2016)) ("a fee multiplier may be justified to account for the risk of nonpayment in a contingency fee case"); *Vanvalkenburg* at 3 ("a fee multiplier is appropriate in this case based on the risk involved in this case and the performance of [the prevailing party]'s attorneys.").

This Court has awarded fee multipliers in the range of 1.25 to 2.0. *See Zweizig v. Nw. Direct Teleservices, Inc.*, 3:15-cv-02401-HZ, at 18-19 (D. Or. Nov. 11, 2019) (awarding a fee multiplier of 1.25); *Foraker* at 17 ("the Court finds that a fee multiplier of 1.5 is appropriate"); *Vanvalkenburg* at 13 ("I find a fee multiplier of 1.75 to be appropriate in this case"); *Beck v. Metro. Prop. and Cas. Ins. Co.,* 3:13-cv-00879-AC, at 45 (D. Or. Sept. 16, 2016) (awarding a fee multiplier of 2.0 to a portion of the requested fees). For the following reasons, Butterfield requests a fee multiplier of 2.0.

With respect to attorney performance, Butterfield believes the outcome of the action indicates exceptional performance. Plaintiff's declaratory judgment claims were dismissed over Plaintiff's objections, Plaintiff voluntarily dismissed all of its remaining claims with prejudice, Plaintiff's motions for fees and sanctions were denied by both this Court and the Federal Circuit,

and Butterfield's Federal Circuit appeal was successful. Accordingly, the Court should find that Butterfield's counsel achieved exceptional results in this case.

In addition, Butterfield's counsel performed much of the work involved in this action on full contingency. Specifically, in an attempt to recover some of the $52,278 in fees Butterfield paid before the dismissal of the action, Butterfield's counsel (i) filed Butterfield's motion for attorney fees, (ii) defended against Plaintiff's competing fee motion, (iii) briefed Butterfield's appeal to the Ninth Circuit and the Federal Circuit, (iv) argued before the Federal Circuit, and (v) defended against Plaintiff's Federal Circuit motion for sanctions, all without payment and with a significant risk there would never be any payment forthcoming.

Accordingly, in view of the performance of Butterfield's counsel, the significant risk of pursuing a fee award for Butterfield on full contingency, and consistent with Oregon law, Butterfield requests that a fee multiplier of 2.0 be applied to his $54,697 in attorney fees incurred for the substantive defense of this action, which increases Butterfield's fee request for the substantive portion of the action from $54,697 to $109,394.

## VI.    CONCLUSION

Butterfield's requested fee award is consistent with Oregon law and is reasonable under the circumstances of this case. Specifically, when determining Butterfield's fee award, the Court can consider, without limitation:

(1) the complex mix of state and federal claims brought by Plaintiff;

(2) the combination of federal court litigation experience and technical qualifications of Butterfield's counsel;

(3) the exceptional results achieved by Butterfield's counsel;

(4) the fact that most of the time spent on Butterfield's substantive defense cannot reasonably be apportioned among Plaintiff's claims, and all post-dismissal time spent on the case can be entirely attributed to seeking fees for defending against Plaintiff's breach of contract claim and countering Plaintiff's frivolous arguments and motions;

(5) the significant risk of non-payment associated with the contingent fee arrangement that was in place for the post-dismissal portions of the action;

(6) Plaintiff's objectively unreasonable litigation behavior, including the duplicative and vexatious nature of this action, Plaintiff's failure to prosecute the action, and Plaintiff's baseless and retaliatory motions for attorney fees and sanctions; and

(7) the value of deterring parties and their counsel from similar litigation behavior in the future.

In view of these considerations, among others, Butterfield requests that the Court exercise its discretion and award Butterfield fees in the amount of $196,881.50, plus any additional fees Butterfield incurs before the Court determines the fee award.

DATED: June 2, 2020.

Respectfully submitted,

KOLITCH ROMANO LLP

By  s/ Shawn Kolitch
Shawn Kolitch, OSB No. 063980
Email: shawn@kolitchromano.com
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone: (503) 994-1650

*Attorney for Defendant*
*Larry D. Butterfield*