# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KEITH MANUFACTURING CO.,** | Case No. 3:15-cv-2008-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **LARRY D. BUTTERFIELD**, | |
| Defendant. | |

Bruce A. Kaser, VANTAGE LAW PLLC, 414 NE Ravenna Blvd., Suite A-1243, Seattle, WA 98115, Gordon W. Stewart, STEWART LAW OFFICES, 2200 Main St., Suite 522, Wailuku, HI 96793. Of Attorneys for Plaintiff.

Shawn Kolitch, KOLITCH ROMANO LLP, 520 SW Yamhill St., Suite 200, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

In this lawsuit, Plaintiff Keith Manufacturing Co. ("Keith") sued its former employee Defendant Larry D. Butterfield ("Butterfield"). Keith sought declarations of non-infringement of a patent and patent invalidity. Keith also asserted claims of breach of contract and misappropriation of trade secrets. Eighteen months after this lawsuit began, the parties filed a Stipulation of Dismissal with Prejudice ("Stipulated Dismissal"), reading, in its entirety: "Pursuant to Fed. R. Civ. P. 41(a), Plaintiff Keith Manufacturing Co. and Defendant Larry D.

Butterfield hereby stipulate to dismissal of all claims pending in this action, with prejudice." The stipulation was effective without court order, under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Twelve days later, Butterfield filed a motion for attorney fees. Although Keith opposed Butterfield's motion and argued that neither party should recover fees, Keith filed a cross-motion for attorney fees "out of caution."

Keith argues that the Stipulated Dismissal, which was silent regarding attorney's fees, did not provide the "judgment" or "decree and order from which an appeal lies" as required under Rule 54(a) of the Federal Rules of Civil Procedure. The Court denied attorney's fees, holding that under *Microsoft Corp. v. Baker*, --- U.S. ---, 137 S. Ct. 1702 (2017), the Stipulated Dismissal was not an appealable order and thus did not meet the requirements of Rule 54. The Federal Circuit reversed and remanded for further proceedings, holding that *Microsoft* was inapplicable because considering a stipulated dismissal and "judgment" in the context of Rule 54 did not create the same concerns about piecemeal litigation that animated the Supreme Court's decision in *Microsoft*. *Keith Mfg. Co. v. Butterfield*, 955 F.3d 936, 938 (2020). The Federal Circuit declined to reach any of the other arguments raised by Keith. *Id.* at 940.

After remand, Keith argues that the Court should deny Butterfield's motion for attorney's fees on grounds not specifically addressed by the Court in its first Opinion and Order and that the Federal Circuit declined to address—that the Stipulated Dismissal is self-executing and therefore does not meet the requirements of Rule 54. Keith also requests the Court to reconsider its previous conclusions that it has jurisdiction to consider this dispute, including whether Butterfield is the prevailing party, and its conclusion that Butterfield is the prevailing party under Oregon law. Finally, Keith argues that if Butterfield is entitled to any fees, the fees requested by Butterfield are not reasonable. The Court considers Keith's motion for reconsideration on the

merits but declines to reconsider its conclusion that it has jurisdiction to consider this dispute. The Court, however, reconsiders its conclusion that Butterfield is the prevailing party on Keith's breach of contract claim and denies Butterfield's motion for attorney's fees on that ground. The Court declines to reach Keith's other arguments.

## DISCUSSION

### A. Standards for Reconsideration

Rule 60(b) of the Federal Rules of Civil Procedure governs reconsideration of "a final judgment, order, or proceeding" of the district court. That rule allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time and, under subsections (1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and quotation marks omitted); *see also Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (noting that "reconsideration is appropriate only in very limited circumstances").

Because this case has been remanded for further proceedings, the interests of finality and conservation of judicial resources that generally counsel against motions for reconsideration are not present. Butterfield's arguments regarding why the Court should not reconsider its previous

rulings relating to jurisdiction and prevailing party status go the merits of Keith's arguments on

those issues. The Court will consider Keith's motion for reconsideration on the merits.

## B.  Jurisdiction

Keith argues that the Court should reconsider its determination that the Court has

jurisdiction to consider attorney's fees after the parties filed the Stipulated Dismissal. Keith

argues that the Stipulated Dismissal "revoked" the Court's jurisdiction upon filing and that the

Court therefore may not make any decisions after that filing, including whether Butterfield is the

prevailing party. Keith cites *Kokkonen v. Guardian Life Insurance Company of America*, 511

U.S. 375 (1994). *Kokkonen* held that a court has ancillary jurisdiction to enforce a settlement

agreement only "if the parties' obligation to comply with the terms of the settlement agreement

had been made part of the order of dismissal—either by separate provision (such as a provision

'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the

settlement agreement in the order." *Id.* at 381. Keith argues that because the Stipulated Dismissal

did not include a provision for attorney's fees, the Court did not retain ancillary jurisdiction over

that issue.

An argument similar to one made by Keith was rejected by the Ninth Circuit in *K.C. ex*

*rel. Erica C. v. Torlakson*, 762 F.3d 963 (9th Cir. 2014). In *Torlakson*, the Ninth Circuit

distinguished *Kokkonen* and discussed that a court's ancillary jurisdiction over attorney's fees

continues after litigation has concluded, even if jurisdiction over fees was not expressly retained

and even when a court does not have ancillary jurisdiction over a settlement agreement. *Id.*

at 968-70. The Ninth Circuit explained that there is a "distinction between ancillary jurisdiction

to enforce a settlement agreement and ancillary jurisdiction over an attorney's fees dispute" and

that when a party argues that it is the prevailing party entitled to collect attorney's fees a district

court's lack of ancillary jurisdiction to enforce a settlement agreement under *Kokkonen* "is

irrelevant." *Id.* at 969. The Ninth Circuit stated: "Importantly, a district court's ancillary jurisdiction over an attorney's fees dispute is inherent and broader than its ancillary jurisdiction to enforce a settlement agreement." *Id.* at 968. The Ninth Circuit also explained that a "court's ancillary jurisdiction over [a party's] motion for attorney's fees need not have been explicitly 'retained'" because "allowance of attorney's fees is part of the historic equity jurisdiction of the federal courts." *Id.* at 970 (simplified). Thus, a court retains ancillary jurisdiction over a fee dispute even when a complaint is "dismissed without any reservation of continuing court authority," *id.* (quoting *In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91 (2d Cir. 2003), and a district court's dismissal order does not "divest (or otherwise impose a time limit upon) the court's inherent jurisdiction over a collateral attorney's fees dispute." *Id.*

Although *Torlakson* involves a dismissal order signed by a judge, Keith offers no authority for the argument that a stipulated dismissal filed by the parties could divest the Court's inherent jurisdiction over a collateral attorney's fees dispute when a dismissal signed by judge does not. Keith's argument is rejected and the Court declines to alter its previous conclusion that the Court retains jurisdiction to consider attorney's fees after the Stipulated Dismissal.

## C. Prevailing Party

The Court previously concluded that for Butterfield's breach of contract claim, for which the attorney's fees dispute is governed by Oregon law, Butterfield was the prevailing party under state law and would be entitled to fees but for the procedural barrier the Court had identified under *Microsoft*. *Keith Mfg., Co. v. Butterfield*, 256 F. Supp. 3d 1123, 1133 (D. Or. 2017). Butterfield argues that awarding fees is mandatory under Oregon law and the Court does not have any discretion to deny fees. When there is a contract provision that requires the payment of attorney's fees to the prevailing party, a court "must award reasonable fees." *Ladum v. City of Reedsport*, 83 Or. App. 666, 669 (1987). "The court must first determine, however, whether

there is a prevailing party. If neither party prevails, an award of attorney fees is not appropriate." *Id.* (citation omitted); *see also Lawrence v. Peel*, 45 Or. App. 233, 243 (1980) (noting that even when a contract uses the term "shall award such fees to the prevailing party, it does not follow that fees must be awarded" because "[i]f both parties prevailed, or neither of them prevailed, an award of attorney's fees would not be appropriate or required" (footnote omitted)).

The Court's earlier prevailing party decision was based on Rule 54 A(3) of the Oregon Rules of Civil Procedure ("ORCP"). This procedural rule provides:

> When an action is dismissed under this section, the judgment may include any costs and disbursements, including attorney fees, provided by contract, statute, or rule. Unless the circumstances indicate otherwise, the dismissed party shall be considered the prevailing party.

ORCP 54 A(3). Notably, however, ORCP 54 A(1) requires: "Upon notice of dismissal or stipulation under this subsection, a party shall submit a form of judgment and the court shall enter a judgment of dismissal." Thus, under Oregon law, stipulated dismissals require that a court enter judgment. This is a different procedure than what happens under federal law, in which the parties can stipulate to dismissal without a court order, as happened in this case. Keith argues that this difference is critical under Oregon law.

As Keith notes, "prevailing party" is defined under Oregon law as "the party who receives a favorable judgment or arbitration award on the claim." Or. Rev. Stat. ("ORS") § 20.077(2). Keith also points out that "judgment" is defined under Oregon law as "the concluding decision of a court on one or more requests for relief in one or more actions, as reflected in a judgment document" and that a "judgment document" "means a writing in the form provided by ORS 18.038 that incorporates a court's judgment." ORS § 18.005(8)-(9). The "form provided ORS 18.038," requires, among other things, the signature of a judge or court administrator when an administrator is authorized to sign. ORS § 18.038(4)(c). Thus, argues

Keith, because in this case, unlike in a state court stipulated judgment, the Court did not sign or enter a judgment, the statutory prerequisites for Oregon's prevailing party status are not met.

Butterfield responds that intervening case law shows that he is the prevailing party because of the Stipulated Dismissal. Butterfield cites *Burger v. Rock & Roll Chili Pit, Inc.*, 2018 WL 1156237, at *4 (D. Or. Mar. 5, 2018). The court in *Burger*, however, had issued its own order in addition to the parties' stipulation, similar to the Oregon procedure requiring a court judgment. *Id.* at *2. The dismissal in *Burger* therefore did not suffer from the deficiency argued by Keith that makes Butterfield ineligible for prevailing party status under Oregon law. Additionally, the stipulation in *Burger* expressly reserved the right for the parties to petition for attorney's fees, unlike the Stipulated Dismissal.

Irrespective of Keith's argument regarding the statutory requirements for prevailing party status, under Oregon law the mere fact of a voluntary or stipulated dismissal is not *dispositive* of the issue of who is a prevailing party. As the Oregon Court of Appeals has explained:

> To be precise, ORCP 54 A(3) provides that "the dismissed party shall be considered the prevailing party" unless the circumstances indicate otherwise. The provision recognizes that voluntary dismissals can occur for a variety of reasons, not all of which would make it appropriate to treat a dismissed party as the prevailing party.

*King v. Neverstill Enters., LLC*, 240 Or. App. 727, 736 n.5 (2011) (emphasis added). When a plaintiff unilaterally and voluntarily dismisses a defendant, the circumstances generally are more persuasive in showing that the defendant is the prevailing party. When the parties stipulate to a dismissal, however, there may be circumstances under which the defendant should not be considered the prevailing party.[1]

---

[1] For example, the defendant could have agreed to pay the plaintiff money or stop engaging in certain behavior.

Considering Oregon's statutes setting forth the requirements for the prevailing party analysis, and that ORCP 54 A(3) expressly provides that there are circumstances in which voluntary dismissals do not support finding the dismissed party to be the prevailing party, the Court declines to find that Butterfield is the prevailing party simply because the parties filed the Stipulated Dismissal. The Court did not enter a judgment *and* the Stipulated Dismissal was silent as to fees or prevailing party status.[2] Under these circumstances, a "judgment," as that term is used in ORS §§ 18.005 and 20.077, was not entered in this case, and Oregon's statutory requirements for finding a prevailing party were not met. Thus, neither party prevailed. As such, Butterfield is not entitled to attorney's fees. *Lawrence*, 45 Or. App. at 243 (noting that even with a mandatory contract fee provision, if "neither [party] prevailed, an award of attorney's fees would not be appropriate or required").

## CONCLUSION

Butterfield's Supplemental Motion for Attorney's Fees (ECF 55) is DENIED.

**IT IS SO ORDERED**.

DATED this 4th day of August, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[2] Additionally, as the Court noted in its earlier opinion, if the inclusion of attorney's fees is important to a defendant, particularly when a judge is not going to enter an order or judgment, it should be included in the stipulated dismissal. "There does not appear to be any good reason to be silent on that issue, unless one deliberately wants to create uncertainty. . . . [and] this issue could easily be made part of the negotiation that either results in a stipulated dismissal or fails to reach agreement." *Keith*, 256 F. Supp. 3d at 1130 n. 4. Certain avenues are available to a defendant under Rule 41(a) if a plaintiff refuses to agree to pay attorney's fees or at least allow the issue to be reserved for the court's future consideration, such as was done in *Burger*. *Id.*